UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RALPH J. BRADLEY**, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 14-1426 (RMC) |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

    Plaintiffs Ralph and Charlene Bradley, proceeding *pro se*, filed a Complaint on August 21, 2014, against Federal National Mortgage Association and JPMorgan Chase Bank, N.A. While the allegations are garbled, it appears that Plaintiffs are seeking to void foreclosure on their real property in Stark County, Ohio. *See* Compl. [Dkt. 1] at 2 ("The matter in general seeks to adequately challenge the foreclosure on a mortgage to the following described property in Stark County, Ohio . . . ."); Am. Compl. [Dkt. 16] at 2 (deed, mortgage, and UCC statements "entitle Plaintiffs to a rapid refund"); *id*. ("Debt leverage of this Mortgage Money will enable Plaintiffs . . . to re-acquire property on retroactivity to foreclosure proceedings, to include engaging in the bidding process of properties on public or Sheriff's sale."). Because the Court lacks subject matter jurisdiction, this case will be dismissed.

    Even though *pro se* complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate the claim. A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See, e.g.*, *Jerez*

*v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011).  When determining whether a case should be dismissed for lack of jurisdiction, a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).  Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."  *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).  Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement.  *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Plaintiffs claim that an Ohio state court foreclosure action should be voided, and they request that the Court order Defendants to "cease and desist with any further efforts to sale [sic] the property in question and to immediately convey the property in question back to Plaintiffs."  Compl. at 7.  This Court lacks jurisdiction.  This Court is not a reviewing court and lacks jurisdiction to compel another court to act.  *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (under the *Rooker-Feldman* doctrine, federal district courts lack authority to collaterally review state court judgments) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)).  Further, the Court declines to interfere or otherwise involve itself in matters before the state court.  *See Younger v. Harris*, 401

U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also District Properties Associates v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). In addition, this Court has no authority to issue a writ of mandamus to compel the Ohio court to perform a judicial act. The Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . . . ." 28 U.S.C. § 1361.

        Accordingly, this case will be dismissed for lack of subject matter jurisdiction. As a result, all pending motions will be denied as moot. A memorializing Order accompanies this Memorandum Opinion.

Date:  February 5, 2015                             /s/
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge